UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

FÉLIX GABRIEL CASTRO-DAVIS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1648 (JAF)

(Criminal No. 07-186-2)

**OPINION AND ORDER**

Petitioner, Félix Gabriel Castro-Davis, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 07-186. (Docket No. 1.)

**I.**

**Background**

On April 25, 2007, the grand jury rendered an indictment against Petitioner and two co-defendants—including his brother Félix Alberto Castro-Davis—for several offenses relating to a carjacking that resulted in death. On March 5, 2008, a jury found Petitioner guilty on all counts. (Crim. Docket No. 244.) Petitioner was sentenced to sixty months for conspiracy, eighty-four months for the use of a firearm during the carjacking, and a life sentence. (Crim. Docket No. 276.) Petitioner timely appealed his conviction. The First Circuit affirmed Petitioner's judgment, but remanded for sentencing. United States v. Castro-Davis, 612 F.3d 53 (1st Cir. 2010). On December 15, 2010, Petitioner was resentenced to the same terms of the original

judgment. (Crim. Docket No. 345.) An Amended judgment was entered on December 20, 2010. (Crim. Docket No. 347.) On December 21, 2010, Petitioner appealed the life sentence imposed on remand. On May 15, 2012, the First Circuit affirmed Petitioner's sentence. (Crim. Docket No. 380.) On October 1, 2012, the Supreme Court denied Petitioner's writ of certiorari. S.Ct. No. 12-5644. On August 26, 2013, Petitioner filed this petition, alleging, among other things, various types of ineffective assistance of counsel. (Docket No. 1.) The government opposed. (Docket No. 3.) Castro-Davis replied. (Docket No. 6.)

## II.

## Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

## Discussion

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

Petitioner alleges several species of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a movant must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for his counsel's errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id.

### A. Counsel was not ineffective for failing to object an allegedly improper conclusion of a witness

Petitioner alleges that counsel failed to object to an "improper" conclusion of a witness. Specifically, Petitioner contends that José Figueroa's description of the carjacking as "policeman style" constitutes an improper conclusion that should have been objected to by his counsel. This issue was raised and considered on appeal. The First Circuit rejected Petitioner's contention that the use of the phrase "policeman style" was too vague to support a jury finding that the taking of the car was done "by force and violence by intimidation." See Castro-Davis, 612 F.3d at 62.

The First Circuit has held that when an issue has been disposed of on direct appeal, it will not be reviewed again through a § 2255 motion. United States v. Doyon,

16 Fed.Appx. 6, 9 (1st Cir. 2001); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) (citing Dirring v. United States, 370 F.2d 862, 863 (1st Cir. 1967)).  The Supreme Court has held that if a claim "was raised and rejected on direct review, the habeas court will not readjudicate it absent countervailing equitable considerations."  Withrow v. Williams, 507 U.S. 680, 721 (1993).  Given the First Circuit's decision in Petitioner's appeal that the phrase "policeman style" could support a jury finding that the taking of the car was done by force and violence, this issue does not warrant further consideration.

**B.     Counsel was not ineffective for failing to move for a mistrial because of a question we asked of a witness**

Petitioner alleges that counsel failed to move for a mistrial after we asked a witness, in the presence of the jury, whether she was afraid of being in court.  Petitioner is precluded from raising this issue in a Section 2255 motion because he failed to raise the issue on appeal.  Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011).  But even if he had not failed to raise it on appeal, it fails on the merits.  First, Petitioner takes the question we asked the witness out of context.  After allowing the prosecution to treat her as hostile, the witness was still unable to provide answers to the government's questions.  We were concerned that the witness had been tampered with:

> THE COURT: Any cross?
>
> MR. MORALES-CRUZ: Yes, Your Honor.
>
> THE COURT: Please. Aside from law enforcement agents, has somebody else contacted you regarding your testimony in this case?
>
> THE WITNESS: Law enforcement?
>
> THE COURT: Aside from FBI agents or police officers, has somebody knocked on your door to ask you questions about this case?

> THE WITNESS: I was called and -- I was called to -- to -- I don't remember exactly what it was. I remember I called Agent Means and asked him if I should talk to the defense. His name is Alvin something. I don't remember his last name. And I asked Agent Means if that was necessary, and he told me it wasn't necessary. That it was up to me. So I chose not to.
>
> THE COURT: Okay.
>
> THE WITNESS: And then this week I got – he went to my house, knocked on my door, and gave me a Subpoena to come here. Same guy.
>
> THE COURT: All right. Are you afraid of being here today?
>
> THE WITNESS: I'm really uncomfortable with it.
>
> THE COURT: Why?
>
> THE WITNESS: I'd rather not be.
>
> THE COURT: What bothers you being here?
>
> THE WITNESS: That I don't really know what happened.

(Crim. Docket No. 290 at 197-98.)

Here, our interaction with the witness was brief and her response in no way indicated that her fear of the courtroom was related to any fear she might have had of the Petitioner. Nothing about her response could reasonably have prejudiced the jury against him. Petitioner's claim fails.

**C.    Counsel was not ineffective for failing to object to the introduction of taped conversation**

Petitioner claims that counsel was ineffective for failing to object to the introduction and admission of a taped conversation. Petitioner asserts that the taped conversation, between his brother, mother, and Carmen Davis, contained testimonial

Case 3:13-cv-01648-JAF   Document 7   Filed 02/20/14   Page 6 of 8
Civil No. 13-1648 (JAF)                                           -6-

statements. The First Circuit addressed the admissibility of the tape as evidence and concluded that "Alberto's statements were not made under circumstances that render them testimonial … and thus cannot be treated as testimonial." Castro-Davis, 612 F.3d at 65-66. As this claim was previously raised on direct appeal, Petitioner is precluded from raising it anew here. Doyon, 16 Fed.Appx. at 9.

### D. Counsel was not ineffective for failing to object to alleged prosecutorial misconduct in closing statement

Next, Petitioner claims that his counsel was ineffective failing to object to misconduct during the prosecution's closing argument. Petitioner raised this issue on appeal. Addressing this issue, the First Circuit held:

> [T]he court's general closing instructions did properly counsel the jury regarding what constituted evidence and the fact that they were the sole judges of credibility. The instructions specifically reminded jurors they were the "sole judges of the credibility of the witnesses" and that "arguments and statements of counsel are not evidence." Given the evidence presented at trial from multiple witnesses, any potentially harmful effect from the prosecutor's closing was safeguarded by the district court's final jury instructions. See United States v. Mejía-Lozano, 829 F.2d 268, 274 (1st Cir.1987) (finding that the district judge's standard instruction was sufficient to overcome any prejudice). [Quotations and citation in original.]

Castro-Davis, 612 F.3d at 68.

Again, because Petitioner raised this issue previously on direct appeal, he is precluded from asserting it anew in a collateral proceeding. Singleton, 26 F.3d at 240.

### E. Alleyne

Finally, Petitioner asserts that he is entitled to a reduction in his sentence because the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), provides a new constitutional rule that should be applied retroactively. Petitioner's

Alleyne argument is misplaced. In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that a fact must be submitted to a jury and found beyond a reasonable doubt if it increases a defendant's statutory mandatory maximum sentence. Alleyne extends this principle to facts that increase a defendant's statutory mandatory minimum sentence. The Supreme Court held, in United States v. Booker, 543 U.S. 220 (2005), that Apprendi was not retroactively applicable. While the Supreme Court has not decided whether Alleyne applies retroactively to cases on collateral review, the United States Court of Appeals for the Seventh Circuit has suggested, without deciding, that because "Alleyne is an extension of Apprendi ... [t]his implies that the Court will not declare Alleyne to be retroactive." Simpson v. United States, 721 F.3d 875, 2013 WL 3455876, at * 1 (7th Cir. July 10, 2013). At this time, several district courts have held that Alleyne does not apply retroactively to cases on collateral review. See Lassalle-Velazquez v. United States, 2013 WL 4459044 (D.P.R. Aug. 16, 2013); United States v. Stanley, 2013 WL 3752126, at *7 (N.D.Okla. July 16, 2013); United States v. Eziolisa, 2013 WL 3812087, at *2 (S.D.Ohio July 22, 2013); Affolter v. United States, 2013 WL 3884176, at *2 (E.D.Mo. July 26, 2013); United States v. Reyes, 2013 WL 4042508, at *19 (E.D.Pa. Aug. 8, 2013). Since neither the Supreme Court nor the First Circuit has held Alleyne to be retroactively applicable, we decline to do so here.

Petitioner has made no argument that would justify equitable tolling. Summary dismissal is in order. See Lattimore v. Dubois, 311 F.3d 46, 54 (1st Cir.2002) (holding that a prisoner's habeas petition filed one day late was time-barred by § 2255(f)). Therefore, this court has no authority to consider Petitioner's present 2255 motion, and it must be dismissed.

Case 3:13-cv-01648-JAF   Document 7   Filed 02/20/14   Page 8 of 8

Civil No. 13-1648 (JAF)                                                                                              -8-

### IV.

### **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Castro-Davis has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Castro-Davis may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

### V.

### **Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of February, 2014.

                                                            S/José Antonio Fusté
                                                            JOSE ANTONIO FUSTE
                                                            U. S. DISTRICT JUDGE